Geeen, J.
delivered the opinion of the court.
This is an action of assumpsit against the maker and endorsers of a promissory note, brought by the Planters’ Bank, as assignee and holder thereof. The note was the property of the Farmers’ and Merchants’ Bank of Memphis, and was endorsed to the plaintiff in payment of money borrowed by the Farmers’ and Merchants’ Bank from the Planters’ Bank. The note was endorsed in blank by Charles Lofland, cashier, of the Farmers’ and Merchants’ Bank.
*508 The defendants introduced and read in evidence the 9th fundamental article of the charter of the Farmers and Merchants’ Bank, which is as follows; “All bills, bonds, notes, and every contract or agreement on behalf of the company shall be signed by the president and countersigned and attested- by the cashier of the company: and the funds of the company shall in no wise be held responsible for any contract or engagement whatever, unless the same shall be executed as aforesaid.”
The question is, has the cashier of the Farmers’ and Merchants’ Bank power to transfer, by endorsement, its bills and notes, so as to invest in the endorsee a right of action against the precedent parties? And in considering this question, we are first to enquire, what are the powers of a cashier of a bank, when there are no special restrictions in the charter; and, secondly, how far the 9th fundamental article of the charter of this bank operates as a restriction upon the general powers of its cashier?
The cashier of a bank is its agent, and his acts as such, bind the bank, if performed within the scope of his agency. But it is certainly true, that the authority of the cashier and other officers of the bank, is restricted to such modes of binding the company as fall within the scope of his agency.
In all agencies there must be, to some extent, implied powers conferred. An agent, to perform any act or discharge any function, is clothed with all such incidental powers as may be necessary to the performance of the act for which the agency was created. And by the word “necessary,” is not meant that which is indispensi-. ble, and without which the act cannot be done; but such powers are implied, as are convenient and proper, *509 and as are usually exercised in the discharge of such agencies. Story on Agency, sec. 58 et seq.
What then are the powers of a cashier of a bank, resulting from his appointment as such? In Story on Agen. sec, 114, 115, p. p. 127-8, 2d ed., it is said, that in the absence of all positive and known restrictions, it does not seem too much to infer that he possesses the incidental authority, and that it is his duty to apply the negotiable funds as well as the moneyed capital of the bank to the discharge of its debts and obligations; that, prima facie, the cashier possesses the incidental authority to endorse the negotiable securities held by the bank, in order to supply the wants and promote the interests of the bank; and any restriction upon such authority must be established by competent proof, and will not be presumed to exist.
In the case of Wild vs. Bank of Passamaquoddy, 3 Mason’s R. 505, these positions are fully sustained. In that case, the only evidence of the right of a holder to a bill of exchange was the endorsement of the cashier of the bank. So in the case of Fleckner vs. Bank of the U. S., 8 Wheat. R. 360, 361, the supreme court of the United States unanimously decided the same points, when Marshall, Washington, Johnson, Livingston, and Story, were among the judges. That case also decides, that a subsequent ratification is equivalent to an original authority. In Angel on Corporations, 3d ed. 295, 296, the same doctrine is stated.
In Story on Promissory Notes, sec. 127, it is said, that an endorsement by the cashier of a bank in his official character, as for example, endorsed by him, “A. B, cashier,” is sufficient to pass the title of the bank thereto, as he is deemed to possess the authority to pass the title ex officio, *510 unless prohibited by the by-laws of the corporation. See also Folger vs. Chase, 18 Pick. R. 63; Fairfield vs. Adams, 16 Pick. R. 381.
These authorities are sufficient to establish, that the endorsement of the cashier, officially, will pass the title of the bank to the bill or note endorsed, unless there be something in the charter, or by-laws of the corporation, to restrict his authority.
2. It is insisted that the 9th fundamental article of the charter contains a restriction upon the general implied powers of the officers and agents of this bank to an extent that prohibits the cashier from the exercise of the power in question.
The court below charged the jury, that the 9th article of the charter had no bearing on the question at issue. We think there is no error in this charge. In the case of the Mechanics’ Bank of Alexandria vs. The Bank of Columbia, 5 Wheat. R. 326, 4 Cond. Rep. 666, this question was made, and was treated by the court as too plain to deserve serious consideration. In that case the suit was brought upon a check drawn by the cashier of the Mechanics’ Bank of Alexandria upon the Bank of Columbia, for ten thousand dollars. In the seventeenth section of the charter of the bank it is enacted, “that all bills, bonds, notes, and every other contract or engagement on behalf of the corporation, shall be signed by the president and countersigned by the cashier; and the funds of the corporation shall in no case be liable for any contract or engagement, unless the same shall be signed and countersigned as aforesaid.”
Mr. Justice Johnson, delivering the opinion of the court, said: “It has been contended, but the argument was not pressed with mueh confidence, that this defendant could *511 not be bound otherwise than in conformity with the seventeenth section of the charter. It is hoped this argument was not intended to reach the case of a deposit of money; and yet, if it proves any thing, it proves that no contract in law could be imputed to this bank.”
And such, 'certainly, is the conclusion to which the argument legitimately tends. If this article so abridges the power of the cashier, incidental to his office, and conferred by implication, by his appointment as cashier, as that no act of his can bind the bank, unless the contract be in writing, signed by the president, and countersigned by the cashier, it must have a like effect in relation to the acts of all other agents of the bank; and leading to such absurd consequences, it must be understood in a restricted sense. How could the bank get along, if every contract that binds it were required to be signed by the president and countersigned by the cashier? Every deposit of money, every load of fuel, the payment of servants and porters for every trivial service performed, would all be illegal and create no obligation on the bank. For such consequences no one will contend; and yet these consequences are inevitable, if the argument can prevail in this case.
In the case of the Mechanics’ Bank vs. The Central Bank, 1 Kelly’s Georgia Rep. 418, it is decided, that where, in a bank charter, the funds of the bank were in no case to be liable for any contract or engagement, unless the same should be signed by the president and countersigned by the cashier, that this did not apply to the ordinary duties of a cashier; such as endorsing bills, &c. We have not this case before us, but we refer to it from U. S. Annual Digest for 1847, vol. 1, p. 48, tit. Bank and Banking, sec. 9.
*512 Upon the whole, we think there is no error in this record, and affirm the judgment.